Filed 11/17/15  P. v. Shumate CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067600 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN332730) |
| BENJAMIN THOMAS SHUMATE, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.


Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Benjamin Thomas Shumate was charged with attending

an arranged illicit meeting with a minor (Pen. Code,[1] § 288.4, subd. (b); counts 1, 2 & 6); false imprisonment (§§ 236 & 237, subd. (a); count 3); child molestation (§ 647.6, subd. (a)(1); count 4); and misdemeanor sexual battery (§ 243.4, subd. (e)(1); count 5). It was further alleged that Shumate committed count 2 while released from custody on bail. (§ 12022.1, subd. (b).)

Shumate pleaded guilty to counts 1 and 6, and the court dismissed the remaining counts on the People's motion. The court sentenced Shumate to four years in state prison. The court also granted Shumate a total of 505 days of credit for time served, as reflected in the probation report, calculated as 253 actual days served plus 252 conduct-credit days as provided under section 4019.

Shumate's sole contention on appeal is that the trial court erred when it awarded him only 252 conduct credit days instead of 253, the number of actual days he served in custody. As we explain, we conclude Shumate is not entitled to an additional day of conduct credit. Affirmed.

DISCUSSION

As Shumate recognizes, this court in *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1356 (*Whitaker*) recently analyzed the identical issue he now raises. In *Whitaker*, we held the defendant was only entitled to 326 custody credits although the defendant was in custody for 327 days. We agree with the holding and reasoning of *Whitaker* and, thus, it informs our decision in this case.

---

[1] All further statutory references are to the Penal Code.

Briefly, section 4019 governs the rate at which prisoners confined in or committed to a county jail earn credit against their sentences for work performance and good behavior. As relevant here, subdivision (f) of section 4019 provides: "It is the intent of the Legislature that if all days are earned under this section, *a term of four days will be deemed to have been served for every two days spent in actual custody*." (Italics added.)

As we noted in *Whitaker*, the two days of presentence conduct credit authorized by subdivision (f) are the "sum" of the one day of credits set forth in subdivisions (b) and (c) of section 4019.[2] (*Whitaker*, *supra*, 238 Cal.App.4th at p. 1358, fn. 3.) As we also noted in *Whitaker*, section 4019 "thus requires that a defendant actually serve *two days* in custody before he or she will be entitled to two additional days of conduct credit. A defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody." (*Ibid.*)

We recognized in *Whitaker* that courts "for a number of years" (*Whitaker*, *supra*, 238 Cal.App.4th at p. 1359) have been consistent in calculating conduct credits under section 4019, subdivision (f), including prior versions of this statute that were "drafted in substantially the same grammatical format" as the current version. (*Id.* at pp. 1359-1360, citing in order *People v. King* (1992) 3 Cal.App.4th 882, 885 (*King*) [rejecting the

_____

[2]     Section 4019, subdivision (b) provides in part that "for each four-day period in which a prisoner is confined in or committed to a facility," one day will be deducted from the term of confinement unless the prisoner has refused to perform satisfactorily assigned "labor." Subdivision (c) of this same statute provides in part that "[f]or each four-day period in which a prisoner is confined in or committed to a facility," one day will be deducted from the term of confinement unless the prisoner has not satisfactorily complied with "rules and regulations."

3

formulas proffered by the defendant as inconsistent with the plain language of former section 4019, subdivision (f), which provided that " 'a term of six days will be deemed to have been served for every four days spent in actual custody,' " and noting under former subdivision (f) "[c]redits are given for increments of four days" and "[n]o credit is awarded for anything less [than an increment of four days]"]; *People v. Smith* (1989) 211 Cal.App.3d 523, 527 (*Smith*) [interpreting former subdivision (f) of section 4019—which also had a six-days-for-four days formula—to require conduct credits to be given in increments of four days and concluding the defendant was not entitled to additional conduct credit for the extra three days he served in actual custody because under the "statutory scheme, 'rounding up' is not permitted"]; and *In re Marquez* (2003) 30 Cal.4th 14, 25-26 (*Marquez*) [relying on *Smith* and its approach to calculating credits in concluding the defendant was entitled to a total of 344 days of credit, determined by taking the "number of actual custody days," or 230, dividing that number "by 4 (*discarding any remainder*), which leaves 57," which is then multiplied "by 2 . . . resulting in a total of 114 days of conduct credit" (italics added)].)[3]

Here, using the method of calculation set out in *Whitaker* and the cases on which it

---

[3]     Indeed, we noted in *Whitaker* the "current version of subdivision (f) of section 4019 is drafted in substantially the same grammatical format as former subdivision (f) of section 4019.  The only substantive difference between the current version and the version that the *Marquez, Smith,* and *King* courts interpreted is that 'four days' replaces 'six days,' and 'two days' replaces 'four days.'  Because current section 4019, subdivision (f) is drafted in the same format as former section 4019, subdivision (f), we conclude that it should be interpreted and applied in [the] same manner."  (*Whitaker*, *supra*, 238 Cal.App.4th at p. 1360, fn. omitted.)

relies, we conclude the trial court properly found Shumate was entitled to 252 days of conduct credit as a result of his actually serving 253 days in custody. That is, because conduct credits under current section 4019, subdivision (f) are given in two-day increments, Shumate was not entitled to conduct credit for the extra day.[4]

## DISPOSITION

The judgment of conviction is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

---

[4]     We decline Shumate's request that we take judicial notice of various former and/or proposed versions of section 4019 and related legislative analyses. Like the defendant in *Whitaker*, Shumate made this request in connection with his contention that the Legislature intended a one-for-one formula to be used rather than a two-for-two formula based on its amendment of former section 2933, subdivision (e). However, as we noted in *Whitaker*, section 2933, subdivision (e) was repealed in October 2011, at the same time section 4019 was again amended to provide unambiguously for the current two-for-two conduct credit formula. (*Whitaker*, *supra*, 238 Cal.App.4th at pp. 1360-1361.) "Thus, although section 2933, subdivision (e) *temporarily* provided for true one-to-one conduct credits for time served in local custody . . . during its effective dates, those conduct credits applied only to defendants who committed their offenses during the time period that section 2933, subdivision (e) was in effect." (*Id.* at p. 1361.) Here, the record shows Shumate committed all of the charged offenses in 2014, *more than* two *years after* section 2933, subdivision (e) was repealed.

5