Filed 9/18/15  P. v. Yurman CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B259919 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA077434) |
| v. | |
| YALE J. YURMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Honorable Dalila C. Lyons, Judge.  Affirmed as modified.

Marta I. Stanton, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Yale J. Yurman appeals his conviction of one count of annoying or molesting a child under the age of 18, in violation of Penal Code section 647.6, subdivision (c)(2), elevated to a felony based on defendant's prior sex crime conviction.[1] We affirm, and modify the judgment to reflect the correct number of custody credits.

## FACTUAL BACKGROUND

On June 3, 2013, Vladimir Negri, a loss prevention officer at the Target in Valencia, CA, observed defendant standing in the checkout line behind a girl approximately 14 years old, who was wearing a pink bathing suit and a white see-through cover-up. Negri observed defendant making hand movements with his cell phone, and could see that defendant had taken a picture of the girl's buttocks.

On June 18, 2013, Negri was on duty and walking through the children's department when he again saw defendant. Negri notified his manager, Ruzanna Sahakyan, to initiate surveillance on defendant. Sahakyan saw defendant in the bed and bath department near several mothers with small children. Defendant was holding his cell phone near his waist and he appeared to be taking photographs of them. Defendant went to the self-checkout register where there were two girls and took photographs of them. Defendant then went to the Starbucks and stood behind a mother who had three children with her (two boys and a girl), and took photographs of them.

Using the information from the license plate on defendant's car, Detective Mike Marino of the Los Angeles County Sheriff's Department contacted defendant at his residence. Defendant told Detective Marino that he was a convicted child molester and was a sexual registrant. When Detective Marino confronted defendant with the incident at Target, defendant admitted following the girls and videotaping them. Defendant stated he took the photographs to prevent himself from molesting the children, and continually videotapes new girls because the pictures stop working for him. Defendant would go

---

[1]    All statutory references herein are to the Penal Code.

home and masturbate to the videos and photographs. Detective Marino recovered images of about 75 to 100 girls, all of which appeared to be well under the age of 18, from defendant's cell phone camera that displayed little girls' legs and buttocks that had been photographed from behind.[2]

## PROCEDURAL BACKGROUND

An information filed on October 11, 2013, charged defendant with one count of annoying or molesting a child under the age of 18 with a prior sex crime conviction, in violation of section 647.6, subdivision (c)(2), with the further allegation that defendant had been convicted of two or more serious and/or violent felonies pursuant to sections 1170.12, subdivision (b) and 667, subdivision (d).

On July 31, 2014, defendant waived his trial rights and withdrew his not guilty plea as to count 1 and admitted suffering a prior strike conviction. The trial court found defendant guilty. On September 3, 2014, the trial court sentenced defendant to the upper term of six years, doubled pursuant to the Three Strikes Law, sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (e).

The record demonstrates that defendant was arrested on July 10, 2013, and remained in custody until he was sentenced on September 3, 2014. As the reporter's transcript of the oral proceedings of defendant's sentencing hearing reflects, the trial court awarded 421 days of actual custody credits, plus 63 days of good time/work time credits, calculated at 15 percent pursuant to section 2933.1, for total custody credits of 484 days of custody credits. However, the record reveals that the abstract of judgment reflects the number of defendant's custody credits as 421 days (actual custody credits), plus 421 days (good time/work credits) for a total of 842 days of custody credits.

---

[2]     Defendant also admitted to videotaping children, and a cell phone video camera that defendant owned also revealed images of children taken from behind.

As part of our review of the case under *People v. Wende* (1979) 25 Cal.3d 436, 441, [3] on September 2, 2015, we requested that the parties brief the following issue: "Should the abstract of judgment be corrected to show that the defendant is entitled to a total of 484 days of custody/conduct credit, consisting of 421 days of custody credit, and 63 days of good time/work time credit?"

Here, the oral transcript of the proceedings are at variance with the minute order of the sentencing hearing and the abstract of judgment. Normally, the oral transcript of the proceedings controls. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn.3.) As the parties both agree, the court's oral pronouncement of custody credits erroneously relied on section 2933.1, which limits presentence conduct credit to 15 percent when a defendant is convicted of any "violent felony" listed in Penal Code section 667.5, subdivision (c). Annoying or molesting a child is not listed as a violent felony under Penal Code section 667.5, subdivision (c) and the 15 percent limitation does not apply here. Rather, the custody credits are properly calculated pursuant to section 4019. (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1356.) Under that section, defendant is entitled to 421 days of actual credit and 420 days of conduct credit, for a total of 841 days.

---

[3]     We appointed counsel to represent defendant on appeal. After examination of the record, defendant's counsel filed an opening brief raising no issues and asking this court to independently review the record. On June 22, 2015, we notified defendant that he had 30 days within which to personally submit any grounds of appeal contentions or argument he wishes this court to consider. On July 27, 2015, we granted defendant's request for a 30-day extension to file a supplemental brief. On August 18, 2015, we denied defendant's request for a 90-day extension of time to file a supplemental brief.

## DISPOSITION

The judgment is modified to strike defendant's award of 842 days of custody credit and to impose in its place an award of 841 days, consisting of 421 days of actual custody credit and 420 days of conduct credit.  The superior court is directed to prepare a minute order reflecting this change, and to send an amended abstract of judgment to the Department of Corrections and Rehabilitation reflecting such modification.  As modified, the judgment of the superior court is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIRSCHNER, J.[*]

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.