Filed 7/29/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065729 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD253021 & SCE324175) |
| TYWAYNE A. WHITAKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Walsh, Judge. Affirmed.

Avatar Legal and Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Parag Agrawal, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant Tywayne A. Whitaker appeals a combined sentence that the trial court imposed after Whitaker engaged in additional criminal conduct while on probation. Whitaker pled guilty to a new charge, and the trial court revoked Whitaker's probation in the earlier case. The court sentenced Whitaker to a combined term of 13 years eight months in state prison.

Whitaker's sole contention on appeal relates to the number of conduct credits the trial court awarded him for the time he spent in custody prior to sentencing. Whitaker contends that the trial court improperly calculated his conduct credits by using a two-for-two formula, rather than a one-for-one formula. He asserts that he is entitled to 327 days of custody credits, corresponding with the 327 days that he had served in custody at the time of his sentencing, based on one day of conduct credit for each day actually served in custody.

We disagree with Whitaker's contention, and affirm the judgment of the trial court.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2013, Whitaker pled guilty to pandering by encouraging (Pen. Code, § 266i, subd. (a)(2))[1] and pimping (§ 266h, subd. (a)) in case No. SCE324175. Whitaker admitted that he committed the crimes for the benefit of a criminal street gang

---

[1] Further statutory references are to the Penal Code.

(§ 186.22, subd. (b)(1)). Whitaker also admitted that he had suffered two prison priors (§§ 667.5 subd. (b), 668), one serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c), and two serious felony priors under the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, 668).

The trial court sentenced Whitaker to 13 years in state prison, but suspended execution of the prison sentence pending successful completion of three years of formal probation.

In December 2013, Whitaker cashed two "altered/fictitious" checks at a 98 Cent Store. On December 19, he attempted to cash a third check, but the store clerk contacted authorities and they arrested Whitaker.

As a result of Whitaker's December 2013 conduct, the trial court revoked Whitaker's probation. He faced new charges in case No. SCD253021 for one count of conspiracy to commit grand theft (§ 182, subd. (a)(1)), three counts of burglary (§ 459), three counts of obtaining property, labor, or services by false pretenses (§ 530.5, subd. (a)), and three counts of forgery of a financial institution paper (§ 476).

Whitaker pled guilty to one count of obtaining property, labor, or services by false pretenses (§ 530.5, subd. (a)) in exchange for an eight-month prison sentence and dismissal of the remaining charges. The trial court then ordered that Whitaker's 13-year prison sentence in case No. SCE324175 be executed, and sentenced Whitaker to a total term of 13 years eight months.

3

Whitaker filed a timely notice of appeal. Following the filing of the notice of appeal, the trial court corrected Whitaker's abstract of judgment to reflect 653 days of presence credits—327 custody credits for time served in actual custody, and 326 "PC 4019 2/2" conduct credits.[2]

III.

DISCUSSION

Whitaker contends that the trial court improperly used a two-for-two formula, rather than a one-for-one formula, in calculating the number of conduct credits to which he is entitled. He asserts that because he served 327 days in actual custody, he is entitled to 327 days of conduct credits. He argues that the Legislature's amendments to certain relevant statutory provisions indicate a legislative intent to provide a day-for-day conduct credit entitlement. The People disagree with Whitaker's contention, and argue that the proper interpretation of the relevant statutory provision demonstrates that Whitaker is entitled to only 326 days of conduct credits for his 327 days served, based on a formula of two days of conduct credit for every two days spent in actual custody.

Section 4019 specifies the rate at which prisoners in local custody may earn credit against their sentences for good conduct while in custody. (*People v. Brown* (2012) 54 Cal.4th 314, 317 [§ 4019 "offer[s] prisoners in local custody the opportunity to earn 'conduct credit' against their sentences for good behavior"].) In order to determine

_____

[2]     Whitaker requests that this court take judicial notice of an ex parte minute order dated January 16, 2015, in which the court corrected Whitaker's presentence custody credits, awarding him a total of 653 days of presentence credits. We grant the request.

4

whether Whitaker is entitled to an additional day of presentence conduct credit, we must interpret section 4019. In interpreting the statute, we attempt to discern the Legislature's intent, first by considering the words of the provision. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.) If the statutory language is unambiguous, the plain meaning controls and consideration of extrinsic sources to determine the Legislature's intent is unnecessary. (*Kavanaugh v. West Sonoma County Union High School Dist*. (2003) 29 Cal.4th 911, 919.)

Subdivision (f) of section 4019 provides: "It is the intent of the Legislature that if all days are earned under this section, *a term of four days will be deemed to have been served for every two days spent in actual custody*." (Italics added.) The two days of presentence conduct credit authorized by section 4019, subdivision (f) are the sum of the one day of credit authorized by section 4019, subdivision (b) and the one day of credit authorized by section 4019, subdivision (c).[3]

The statutory language expressly and clearly declares the Legislature's intent that four days will be deemed served *for every two days in actual custody*. Given that section 4019, subdivisions (b) and (c) both authorize one day of credit for each four-day period of confinement, section 4019, subdivision (f) must be interpreted to authorize two days of

_____

[3]    Section 4019, subdivision (b) provides that "for each four-day period in which a prisoner is confined in or committed to a facility," one day will be deducted from the term of confinement unless the prisoner has refused to satisfactorily perform assigned labor. Section 4019, subdivision (c) provides that "[f]or each four-day period in which a prisoner is confined in or committed to a facility," one day will be deducted from the term of confinement unless the prisoner has not satisfactorily complied with rules and regulations.

5

credit for each four-day period of confinement. Section 4019 thus requires that a defendant actually serve *two days* in custody before he or she will be entitled to two additional days of conduct credit. A defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody.

Courts have interpreted the construction of section 4019, subdivision (f) in this manner for a number of years. For example, in *People v. King* (1992) 3 Cal.App.4th 882 (*King*), the Court of Appeal was tasked with interpreting a prior version of section 4019, subdivision (f) that provided at the time: " 'If all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody.' " (*King*, *supra*, at p. 885.) In *King*, the defendant had served 47 actual days in presentence custody and was granted an additional 22 days of presentence conduct credit under former section 4019, subdivision (f), for a total of 69 days. (*King*, *supra*, at p. 884.) The defendant argued that he was entitled to two more days of conduct credit based on a formula in which the number of days served in custody is divided by two, adding that product to the number of actual custody days, and rounding up. Under the defendant's scenario, the 47 days in custody would be divided by two, for a product of 23.5. Adding the 23.5 to the 47 (for a total of 70.5) and then rounding up, the number of credit days would be 71. (*Id*. at pp. 884-885.) Another formula, which had been used by some courts, was to multiply by 1.5 the number of actual custody days and then round up the result (i.e., 47 x 1.5=70.5, rounded up to 71). (*Id*. at p. 885.)

The *King* court rejected both of the formulas proffered by the defendant as inconsistent with the plain language of former section 4019, subdivision (f), under which "[c]redits are given for increments of four days" and "[n]o credit is awarded for anything less [than an increment of four days]." (*King*, *supra*, 3 Cal.App.4th at p. 885.) "Thus, for his 47 days of actual custody, defendant is entitled to 22 days of conduct credit . . . and no additional credit for the extra 3 days." (*Ibid*.)

The *King* court relied on *People v. Smith* (1989) 211 Cal.App.3d 523 (*Smith*), which addressed the same six-days-for-four-days formula of former section 4019, subdivision (f), and interpreted that provision in the same manner. The *Smith* court concluded that "[c]redits are given in increments of four days." (*Smith*, *supra*, at p. 527.) The court calculated presentence custody credit by dividing the 211 actual custody days by four, which "is the equivalent to fifty-two sets of four days, with three extra." (*Ibid*.) The court multiplied 52 by two, with the result being that the defendant was entitled to 104 days of conduct credit. (*Ibid*.) The defendant was not entitled to any additional conduct credit for the extra three days he served in actual custody, however. (*Ibid*.)

The California Supreme Court approved of this method for calculating custody credits under an earlier version of section 4019, subdivision (f) in *In re Marquez* (2003) 30 Cal.4th 14, 25-26 (*Marquez*). The Supreme Court explained:

> "Employing this approach, we take the number of actual custody days (4+113+113=230) and divide by 4 (discarding any remainder), which leaves 57 (230/4=57). We then multiply the result by 2 (57 x 2=114), resulting in a total of 114 days of conduct credit. To arrive at the total amount of credit to which petitioner is entitled (custody

7

plus conduct), we add the custody credit (230 days) to the conduct credit (114 days), giving us a total of 344 days (230+114)."  (*Id*. at p. 26.)

The current version of subdivision (f) of section 4019 is drafted in substantially the same grammatical format as former subdivision (f) of section 4019.  The only substantive difference between the current version and the version that the *Marquez*, *Smith*, and *King* courts interpreted is that "four days" replaces "six days," and "two days" replaces "four days."[4]  Because current section 4019, subdivision (f) is drafted in the same format as former section 4019, subdivision (f), we conclude that it should be interpreted and applied in same manner.

Despite the unambiguous statutory language and the Supreme Court's interpretation of similar language in *Marquez*, Whitaker suggests that the Legislature rejected the formula employed in *Marquez* and created a "latent ambiguity" in the statutory framework through various amendments and changes made to section 4019, as well as to former subdivision (e) of section 2933, which concerned the calculation of custody credits for time spent in state prison facilities.[5]

---

4      Compare current subdivision (f) of section 4019: "It is the intent of the Legislature that if all days are earned under this section, a term of *four* days will be deemed to have been served for every *two* days spent in actual custody" (italics added), with former subdivision (f) of section 4019: "If all days are earned under this section, a term of *six* days will be deemed to have been served for every *four* days spent in actual custody." (§ 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, p. 4553, italics added.)

5      Whitaker requests that this court take judicial notice of an additional three items: (1) various former versions of section 4019 and related legislative analysis; (2) certain

It is true that between September 28, 2010 and September 30, 2011, the Legislature amended former section 2933 to award day-for-day conduct credit to certain prisoners in local presentence custody who were sentenced to prison.  (Former § 2933, subd. (e)(1), as amended by Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.)  "[Under section 2933, subdivision (e)(1), effective September 28, 2010,] defendants sentenced to a local jail received maximum presentence conduct credit only at a half-time rate under section 4019, while those sentenced to state prison could receive full, day-for-day conduct credit under section 2933 for presentence custody."  (*People v. Hul* (2013) 213 Cal.App.4th 182, 186.)[6]  However, section 2933, subdivision (e), was repealed in October 2011, at the same time section 4019 was amended again to provide for the current two-for-two conduct credit formula.  Thus, although section 2933, subdivision (e) *temporarily* provided for true one-to-one conduct credits for time served in local custody for those defendants who were sentenced to state prison during its effective dates, those conduct credits applied only to defendants who committed their offenses during the time period that section 2933, subdivision (e) was in effect.

portions of the 1982 version of section 2933; and (3) legislative analysis from both the Assembly and Senate associated with the September 28, 2010 amendments to sections 2933 and 4019.  We grant Whitaker's request and take judicial notice of the documents provided.

[6]     Between September 28, 2010 and September 30, 2011, section 2933, subdivision (e)(1) provided: "Notwithstanding Section 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail [or] city jail . . . from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner."

Although it is undisputed that Whitaker committed his crimes *after* section 2933, subdivision (e) was repealed, and that this provision therefore has no direct application to the calculation of Whitaker's conduct credit entitlement, Whitaker suggests that the Legislature evidenced its intent to reject the *Marquez* formula by its enactment of section 2933, subdivision (e) and its attempt to "harmonize jail conduct credits with prison conduct credits" with various statutory amendments in 2010. He contends that the Legislature's various amendments in the statutory framework has created a "latent ambiguity" as to whether defendants are entitled to credit under a one-for-one formula or a two-for-two formula. We reject this contention. Despite Whitaker's attempt to persuade us that the legislative history yields a result different from the result one would reach through an examination of the words of the statute itself, because the language of section 4019, subdivision (f) is not ambiguous, we need not turn to the legislative history, or to any other extrinsic source, to aid in our interpretation of the statutory provision. (See *Smith v. Superior Court, supra*, 39 Cal.4th at p. 83.)

Further, we are not convinced that the legislative history creates the ambiguity that Whitaker suggests. The Legislature very easily could have written the statute to provide for a one-for-one formula for conduct credits if it had intended that credits be awarded in that manner. The Legislature clearly understood how to do so, since it temporarily provided for such an entitlement to prisoners sentenced to terms in state prison in section 2933, subdivision (e)(1). However, the Legislature chose not to continue to provide for such an enhanced credit system for defendants sentenced to state prison terms. Instead,

10

the Legislature repealed the enhanced conduct credit provision and retained the statutory language of section 4019 that requires a defendant to serve two days in actual custody in order to receive two days of conduct credits. Whitaker must therefore serve two days of actual custody in order to be entitled to two days of credit for his conduct.

The trial court properly applied the two-for-two formula in calculating that Whitaker was entitled to 326 days of conduct credit for his 327 days served.

IV.

DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

11