Filed 5/4/16  P. v. Lister CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068196 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD256756) |
| ABNER HAYNES LISTER, | |
| Defendant and Appellant. | |

APPEAL from a judgments and an order of the Superior Court of San Diego County, Joseph P. Brannigan, Judge.  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

OVERVIEW

*After* filing notices of appeal and amended notices of appeal in case Nos. SCD256756 (hereafter 756) and SCD257936 (hereafter 936), defendant and appellant Abner Haynes Lister on September 21, 2015 moved in the trial court to correct his award of presentence custody credits. Defendant in his November 16, 2015 opening brief to this court addressed this issue, and *only* this issue, in connection with both of his appeals.

On December 28, 2015, the trial court issued a detailed three-page order denying defendant additional custody credits. (The December 28 order is included as a supplement in the appellate record.) The People in its February 22, 2016 respondent's brief relied on the court's December 28 order in arguing the trial court properly determined defendant's presentence custody credits in case Nos. 756 and 936. Defendant did *not* file a reply brief in response to the People's respondent's brief or otherwise seek to file a supplemental brief addressing that order. We nonetheless reviewed the December 28 order and now conclude the court properly calculated defendant's presentence custody credits.

DISCUSSION

A. Additional Background

In its December 28 order, the court reviewed the procedural history of case Nos. 756 and 936 and addressed the issue of presentence credits as follows:

"On May 22, 2015, in Case No. SCD257936, Petitioner [i.e., defendant] was committed to the custody of the San Diego County Sheriff for the term of 5 years, with execution of the concluding 2 years suspended and deemed a period of mandatory

2

supervision per Penal Code section 1170(h). Petitioner was further awarded 112 actual days and 112 days local conduct credit, for a total of 224 days pre-sentence credit.

"That same date, in Case No. SCD256756, the court terminated Petitioner's probation, reduced the charge to a misdemeanor pursuant to Prop 47, committed Petitioner to the Sheriff for 301 days, and awarded Petitioner 151 actual days and 150 days local conduct credit, for a total of 301 days pre-sentence credit.

"On June 2, 2015, in case SCD256756, Petitioner filed a motion for appeal. Petitioner filed an amended Notice of Appeal in case SCD256756 on June 9, 2015. On June 12, 2015, Petitioner filed a Notice of Appeal in case SCD257936. Petitioner's appeal[s] [are] currently pending in [this court] (Case No. D068196[]).

"Petitioner has now filed the instant request in this court, for correction of his presentence credit. Specifically, Petitioner claims he is entitled to 151 actual days of credit and 150 days of local conduct credit, for a total of 301 days pre-sentence credit in Case No. SCD257936. Petitioner contends the court failed to credit him for 39 actual days of credit between May 18, 2014 and June 27, 2014, and, thus, that he should receive 151 actual days and 150 days of local conduct credit, as opposed to the 112 actual days and 112 days of local conduct credit awarded by the court.

"Petitioner's request is denied.

"In reviewing the minutes of the court and the probation reports related thereto, the court reiterates the calculation of custody credits as follows:

"SCD256756 Custody Data:

| "Date Confined | Date Released | Custody Days |
|---|---|---|
| "5/18/2014 | 6/27/2014 | 41 |

3

| | | |
|---|---|---|
| "8/14/2014 | 8/15/2014 | 2 |
| "11/27/2014 | 2/13/2015 | 79 |
| "4/24/2015 | 5/22/2015 | 29 |
| | "Actual Days | 151 |
| | "PC4019 (2:2) | 150 |
| | "Total Credit | 301 |

"Per the sentencing After Revocation Hearing minutes of May 22, 2015, Petitioner was credited with 151 days local time and 150 days conduct credit per Penal Code section 4019 (2:2), for a total of 301 days.

"SCD257936 Custody Data:

| Date Confined | Date Released | Custody Days |
|---|---|---|
| "8/12/2014 | 8/15/2014 | 4 |
| "11/27/2014 | 2/13/2015 | 79 |
| "4/24/2015 | 5/22/2015 | 29 |
| | "Actual Days | 112 |
| | "PC4019 (2:2) | 112 |
| | "Total Credit | 224 |

"Per the Probation Hearing and Sentencing minutes of May 22, 2015, Petitioner was credited with 112 days local time and 112 days conduct credit per Penal Code section 4019 (2:2), for a total of 224 days.

"In review, the 39 days in question in the instant *Motion to Correct Calculation of Presentence Custody Credits* were properly applied to Case SCD256756. The request to

4

apply these custody credits to Case SCD257936, which *pre*-date the offenses charged in that case, is not permitted.

"The Court finds the allocation of credits to be accurate as ordered at the time of sentencing.  Therefore, Petitioner's request is denied."

B.  Analysis

Under Penal Code[1] section 2900.5, a criminal defendant is entitled to credit for each day he or she spends in custody, including partial days.  (See *People v. Smith* (1989) 211 Cal.App.3d 523, 526 [noting that "[s]ince section 2900.5 speaks in terms of 'days' instead of 'hours,' it is presumed the Legislature intended to treat any partial day as a whole day"].)  A criminal defendant also may earn additional presentence credit, otherwise known as "conduct credits," against his or her sentence under section 4019.  Subdivision (f) of section 4019[2] provides: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody."

As we noted in *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1356 (*Whitaker*), the two days of presentence conduct credit authorized by subdivision (f) of section 4019 are the "sum" of the one day of credits set forth in subdivisions (b) and (c) of section 4019.  (*Whitaker*, at p. 1358, fn. 3.)  As we also noted in *Whitaker*, section 4019 "thus requires that a defendant actually serve *two days* in custody before he or she will be entitled to two additional days of conduct credit.  A defendant who serves an odd

---

[1]    All further statutory references are to the Penal Code.

[2]    Section 4019 was amended effective January 1, 2015 (stats. 2014, ch. 612, § 6); the amendment has no bearing on this analysis.

5

number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody."  (*Whitaker*, at p. 1358.)

Here, the record shows defendant committed the offenses in case No. 936 on August 11, 2014.  As the trial court properly recognized, defendant therefore was not entitled to receive credit for the time he served in custody in case No. 756 between May 18, 2014 and June 27, 2014, which *predated* the offenses in case No. 936.  (See § 2900.5, subd. (b) [providing that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted"].)  As such, we conclude the trial court in case No. 936 properly awarded defendant 112 actual days of custody credit under section 2900.5 and 112 days of custody credit under section 4019, for a total of 224 days of credit.

## DISPOSITION

The judgments of conviction and the court's December 28, 2015 order are affirmed.

BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

6