Filed 8/3/16  P. v. Matthews CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO MATTHEWS,<br><br>    Defendant and Appellant. | C077963<br><br>(Super. Ct. No. 13F07791) |

Defendant Mario Matthews was convicted of indecent exposure and resisting a peace officer.  (Pen. Code, §§ 314, subd. 1, 148, subd. (a)(1).)[1]  On appeal, defendant contends:  (1) the trial court improperly found confidential officer personnel records unresponsive to his *Pitchess* motion, and he asks us to review the sealed documents (Evid. Code, § 1043 et seq.; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531); and (2) the trial court improperly calculated his presentence custody credit.  We have reviewed

---

[1]    Undesignated statutory references are to the Penal Code.

1

the sealed transcript of the hearing held in camera and conclude the trial court did not abuse its discretion in determining the records contained no discoverable material. As to credits, we conclude the trial court erred in calculating defendant's presentence custody credit. We modify defendant's presentence credit and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

On or about November 27, 2013, defendant exposed himself in a hotel room window to a woman walking by. A hotel representative called police and asked them to remove defendant, since he was not a guest. Police Officers Kelly Bagozzi and Christine O'Shea arrived, and defendant resisted their attempts to remove him. The officers took defendant outside and tried to put him in the police car, but he pulled away, twisting his body and kicking off of the police car and then off the hotel wall. One of the officers took defendant to the ground, and defendant attempted to bite him. While defendant was pinned to the ground, he continued to struggle and rubbed his body against the concrete causing abrasion injuries.

Arguing the officers used excessive force and were untruthful, defendant filed a *Pitchess* motion to discover citizen complaints. The trial court found good cause and held an in camera hearing on March 21, 2014. A court reporter was present during the in camera hearing, and the custodian of records was sworn prior to testifying. There were no complaints against Officer Bagozzi. There was a complaint involving Officer O'Shea that the trial court reviewed and determined was "not within the parameters" of defendant's *Pitchess* motion.

Defendant was convicted by jury of indecent exposure (count one, § 314, subd. 1) and misdemeanor resisting a peace officer (count two, § 148, subd. (a)(1)). The court also found true the allegation defendant had served three prior prison terms. (§ 667.5, subd. (b).)

2

The court sentenced defendant to serve five years in prison: two years for indecent exposure, plus one year for each of the three prior convictions (count one, §§ 314, subd. 1, 667.5, subd. (b)), and a consecutive 180 days in county jail for misdemeanor resisting a peace officer (count two, § 148, subd. (a)(1)). Even though defendant spent 373 actual days in custody, the trial court awarded him credit for 386 days. The trial court calculated the 386 days by (a) deducting the 180 day sentence for count two from defendant's 373 actual days served, for a total of 193 "days of time served," and then (b) adding 193 "day-for-day credits."

We requested the trial court to provide the materials it reviewed during the in camera hearing. The trial court, in turn, ordered the custodian of records to submit the documents. The custodian of records declared under penalty of perjury that all such records had been destroyed.

DISCUSSION

I

*Pitchess* **Motion**

Defendant requests that we independently review the trial court's ruling regarding his *Pitchess* motion.

"A trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard." (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220-1221 (*Jackson*).) To determine whether the trial court abused its discretion, the appellate court must review the record of the documents examined by the trial court. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229.) A defendant is entitled to "meaningful appellate review" of the confidential documents, and a trial court may preserve the record by stating which documents it examined. (*Ibid.*)

Where, as here, the trial court reviewed a document that was subsequently destroyed, a constitutional error exists only if it appears the record was destroyed in bad

3

faith. (*Jackson, supra*, 13 Cal.4th at p. 1221, fn. 10; *People v. Memro* (1995) 11 Cal.4th 786, 831-832.) The custodian of records does not explain in his sworn declaration why the files examined by the trial court regarding Officer O'Shea were destroyed as of July 2015. Based on our review of the sealed transcript, there is no evidence the complaint involving Officer O'Shea was destroyed in bad faith.

In sum, we have reviewed the sealed transcript of the hearing held in camera and conclude the trial court did not abuse its discretion in determining the records contained no discoverable material.

## II

### *Credits*

Defendant contends the trial court improperly calculated his presentence custody credit as 386 days, and the People agree.

Here, the defendant spent 373 actual days in custody, and the trial court determined he was entitled to full credit for those days. Where a defendant earns all days under section 4019, "a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f); see also *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1359-1360.) Accordingly, it was error for the trial court to deduct the 180-day sentence from actual days served before calculating the section 4019 credit. The trial court should have awarded defendant 373 days spent in actual custody, plus 372 days conduct credit, for a total of 745 days credit, and then deducted the 180-day sentence. (§ 2900.5, subd. (a); see also *Whitaker*, at pp. 1358-1359 [not awarding an additional single day of conduct credit where a defendant served an odd number of days].)

## DISPOSITION

The award of credits is modified to award defendant 373 actual days and 372 conduct credits, or 745 days total. The trial court is directed to prepare an amended

abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

_____/s/_____

HOCH, J.

We concur:

_____/s/_____

BLEASE, Acting P. J.

_____/s/_____

ROBIE, J.