Filed 8/30/22 P. v. Scott CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA CALEB SCOTT,<br><br>        Defendant and Appellant. | C095430<br><br>(Super. Ct. Nos. 19CR000316, 19CR002530, 21CR000691, 21CR001901) |

Defendant Joshua Caleb Scott appeals the trial court's imposition of an aggregate prison sentence of five years, including a principal upper term of three years. He requests we reverse this sentence and remand for resentencing in light of the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which altered the methodology

for selecting an appropriate triad term. (Pen. Code, § 1170, subd. (b)[1]; Stats. 2021, ch. 731, § 1.3, effective Jan. 1, 2022.)

We agree with the parties that the amendments to section 1170 apply to defendant's nonfinal sentence. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*).) Further, because the trial court failed to articulate the bases upon which it chose to impose the upper term, we cannot conclude that any error in failing to apply these legislative changes is harmless as argued by the People. Therefore, we find it necessary to vacate defendant's sentence and remand this matter for a resentencing hearing. Moreover, our review has disclosed certain sentencing errors that we will direct the trial court to correct on remand. The judgment of conviction is otherwise affirmed.

# I

## BACKGROUND

Defendant's ultimate sentence in this matter was derived from four separate cases, which we will briefly describe herein. In Tehama County Superior Court case No. 19CR000316 (the February 2019 case), the People charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1); count I); possession of a concealed firearm (§ 25400, subd. (a)(2); count II); misdemeanor driving on a suspended license with a prior (Veh. Code, § 14601.1, subd. (a); count III); and possession of ammunition by a felon (§ 30305, subd. (a)(1); count IV). Defendant resolved the matter by pleading guilty to counts III and IV, and in exchange, he received five years' formal probation and dismissal of the remaining counts. The stipulated factual basis for his plea was Tehama County Sheriff's Office report No. 19-00216.

In Tehama County Superior Court case No. 19CR002530 (the September 2019 case), defendant was again charged with possession of ammunition by a felon (§ 30305,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a)(1)), which defendant pleaded guilty to in return for another chance at probation and a suspended prison sentence of three years. He also admitted this conduct violated his existing probation in the February 2019 case. The stipulated factual basis for this plea was Tehama County Sheriff's Office report No. 19-01812.

Thereafter, the People filed new cases against defendant in February 2021 and July 2021, ultimately resulting in the filing of two informations against him on August 26, 2021. The information in Tehama County Superior Court case No. 21CR000691 charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1); count I); possession of ammunition by a felon (§ 30305, subd. (a)(1); count II); and possession of a short-barreled shotgun (§ 33215; count III). The information in Tehama County Superior Court case No. 21CR001901 charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1); count I); possession of ammunition by a felon (§ 30305, subd. (a)(1); count II); possession of a concealed firearm (§ 25400, subd. (a)(2); count III); and misdemeanor possession of a firearm with identification numbers removed (§ 23920; count IV). Finally, this information alleged as to counts I through III that defendant was released on bail or on his own recognizance when the offenses occurred (§ 12022.1).

On October 15, 2021, defendant resolved the 2021 cases by pleading guilty to two counts of possession of a firearm by a felon, and in exchange, he received a sentencing lid of five years for all cases and dismissal of the remaining charges and enhancements in the 2021 cases. The stipulated factual bases for these pleas were found in Tehama County Sheriff's Office report No. 20-01439 and Tehama County Probation Department report No. 20-0454. He further admitted this conduct violated his probation in the February 2019 case and the September 2019 case. All cases were referred to probation for a presentence report and to the treatment team to determine defendant's eligibility and suitability for drug court.

The presentencing report filed November 23, 2021, recommended against a grant of probation or drug court in light of defendant's poor performance on probation, as well as his lengthy history of criminal conduct and substance abuse. Further, the department opined that defendant posed a "significant danger" to the community in light of his repeated arming of himself in public places while under the influence of drugs. Accordingly, the report recommended defendant receive a prison sentence.[2]

At the December 9, 2021 sentencing hearing, the People argued against a grant of probation or drug court; rather, the People contended the court should impose the upper term consecutive to the remaining counts in light of defendant's two circumstances in aggravation. In response, defendant argued his prior convictions were old and misdemeanors. Further, while he had a long history of substance abuse, he was committed to changing and had been accepted into a residential treatment program. Therefore, he asked for probation with drug court conditions.

Ultimately, the court determined exceptional circumstances did not exist justifying a grant of probation in the case. In so ruling, the court highlighted that defendant had already been given an opportunity to change, but his performance on probation was poor, and he had continued to suffer criminal convictions over the past 13 years. Moreover, defendant was aware of the prohibition against his possession of firearms and ammunition, but had suffered six convictions for violating those rules.

Thereafter and without discussing its reasoning, the trial court sentenced defendant to the upper term of three years for the possession of ammunition by a felon count in the February 2019 case and three consecutive eight-month terms for the remaining felony

---

[2] While this report did not recommend a particular prison term, it did list defendant's numerous criminal convictions and that he was on probation when he committed the 2021 offenses as circumstances in aggravation with no circumstances in mitigation. (Cal. Rules of Court, rules 4.421(b)(2), (4), 4.423.)

counts for a total aggregate prison term of five years. The court awarded defendant credit for 288 actual days plus 286 conduct days for a total of 574 days in the February 2019 case, but failed to impose a term on or otherwise address the remaining misdemeanor count for driving with a suspended license from that case. Nonetheless, the court did dismiss, on the People's motion, another pending misdemeanor matter.

Finally, the court incorporated the fines and fees as reflected in the presentencing report. These were a $600 restitution fine (§ 1202.4) in each of the four cases, plus four $600 parole revocation restitution fines (§ 1202.45) to be stayed upon successful completion of parole, plus three $600 probation revocation restitution fines, plus five $40 court operations assessment fees (§ 1465.8) totaling $200, and five $30 conviction assessment fees (Gov. Code, § 70373) totaling $150. Defendant timely appealed in all four cases and did not request a certificate of probable cause.

## II

## DISCUSSION

*A.     Senate Bill 567*

The parties agree, and we concur that the changes brought about by Senate Bill 567 (2021-2022 Reg. Sess.) apply retroactively to defendant's case. The parties disagree, however, on whether the failure to apply the changes brought about by Senate Bill 567 is harmless in this case. As we shall explain, because the trial court failed to articulate its reasoning in imposing the upper term sentence, we cannot say the court's failure to apply the amended statute to defendant's case was harmless.

Senate Bill 567 amended section 1170, subdivision (b), to provide that the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Under amended section 1170,

5

subdivision (b)(3), a trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." This change aims to protect a defendant's right to a jury trial by ensuring the trial court does not impose an upper term "without granting defendants the opportunity to have a jury review and determine the truthfulness of alleged aggravating facts." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4.)

According to the principle established in *In re Estrada* (1965) 63 Cal.2d 740, an ameliorative change in law applies retroactively to nonfinal judgments in the absence of an express statement to the contrary by the Legislature. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) A judgment becomes final when it has reached final disposition in the highest court authorized to review it. (*People v. Rossi* (1976) 18 Cal.3d 295, 304.) Here, defendant's judgment is not yet final, nor did the Legislature expressly prohibit the retroactive application of the bill. Thus, Senate Bill 567 applies retroactively to defendant's case. (*Flores, supra*, 75 Cal.App.5th at p. 500.)

Further, we disagree with the People's argument that remand is unnecessary because the failure to consider the case under the new sentencing rubric is harmless. This argument fails because without an articulation of the trial court's *reasons* for imposing the upper term, we cannot evaluate whether the trial court would impose the same sentence despite the legislative changes. (See *Flores, supra*, 75 Cal.App.5th at pp. 500-501 [subjecting the trial court's reasons for imposing the upper term to harmless error review in light of the legislative changes].)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our

6

Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Although the trial court articulated reasons why it was denying a grant of probation, it failed to articulate why it was imposing the upper term. Section 1170 requires the trial court to state its reasons for its sentencing choice on the record (§ 1170, subd. (c)), and having failed to do so, we cannot determine whether the trial court would have reached the same sentence under the amendments made by Senate Bill 567. We will reverse defendant's sentence and remand for a resentencing hearing.

B.     *The Need to Correct Unauthorized Elements of Defendant's Sentence*

This court's review has disclosed certain errors unaddressed by the parties that must be corrected at the resentencing hearing. First, the trial court erred in imposing two $600 probation revocation restitution fines (§ 1202.44) totaling $1,200 in the February 2019 case. This amount exceeded the $600 restitution fine (§ 1202.4) imposed in that case by $600. The restitution fine and probation revocation restitution fines must match. (§ 1202.44 ["In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4"].) Accordingly, the court cannot impose a probation revocation restitution fine over $600.

Second, the trial court erred in staying upon successful completion of parole, the four $600 parole revocation restitution fines. Rather, section 1202.45 requires these fines be suspended unless parole is revoked. (§ 1202.45, subd. (c) [directing that fines

7

imposed "shall be suspended unless the person's parole, postrelease community supervision, or mandatory supervision is revoked"].)

Third, the trial court erred in its calculation of defendant's custody credits. Here, the court awarded defendant credit for 288 actual days plus 286 conduct days for a total of 574 days in the February 2019 case. This was an erroneous calculation, as the trial court was required to award two conduct credits for every two actual days of pretrial custody. (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1361.) However, because we remand for a full resentencing hearing, the trial court is directed to recalculate defendant's custody credits. "When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, quoting § 2900.1 ["Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts"].)

Finally, the trial court failed to impose a term on, or otherwise address the remaining misdemeanor count for driving with a suspended license from the February 2019 case. This must be done on remand.

## III

## DISPOSITION

Defendant's sentence is vacated and the matter remanded so that the trial court may resentence defendant in light of amendments to section 1170 brought about by the passage of Senate Bill 567 (2021-2022 Reg. Sess.). Further, in case No. 19CR000316, the trial court is directed to: (1) reduce the $1,200 in probation revocation restitution fines (§ 1202.44) to $600 in accordance with the requirements of section 1202.44; (2) recalculate defendant's custody credits to determine all actual presentence credits, and (3) impose a sentence for or otherwise address the misdemeanor count for driving without a license with a prior. Moreover, as to all cases, the trial court is directed to suspend (rather than stay) the four $600 parole revocation restitution fines imposed, pending successful completion of parole.

We further direct the trial court to issue an amended abstract of judgment following resentencing, and to forward the amended abstract of judgment to the California Department of Corrections and Rehabilitation. The judgment of conviction is otherwise affirmed.

/s/
EARL, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

9