Filed 3/3/23  P. v. Sine CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096352 |
| v. | (Super. Ct. No. 19CR002060) |
| KASSANDRA LYNN SINE, | |
| Defendant and Appellant. | |

Defendant Kassandra Lynn Sine pleaded guilty to child endangerment.  The trial court imposed but suspended a six-year prison term and placed defendant on probation for five years with 240 days in county jail.

Defendant now contends she is entitled to presentence credit for the time she spent in a state hospital receiving treatment to restore her competence.  Agreeing with her contention, we will modify the judgment and affirm the judgment as modified.

1

BACKGROUND

In December 2019, defendant pleaded guilty to child endangerment. (Pen. Code, § 273a, subd. (a).)[1] Consistent with the plea agreement, the trial court dismissed a prior strike allegation, imposed but suspended a six-year prison term, and placed defendant on probation for five years with 240 days in county jail.

In December 2020, a doubt was declared regarding defendant's competence, proceedings were suspended pursuant to section 1368 et seq., and the trial court ordered an evaluation. In January 2021, the trial court found defendant incompetent to stand trial and referred the matter for review and a report. In February 2021, the trial court ordered defendant committed to the Department of State Hospitals for restoration to competency.

In May 2021, a certificate of restoration to mental competence was filed. In June 2021, the trial court found defendant competent to stand trial and reinstated criminal proceedings. Among other things, defendant admitted violating probation 14 times between June and December 2020.

In July 2021, the trial court reinstated probation and extended the probation term by two years. In exchange, defendant agreed to waive her custody credit pursuant to *People v. Johnson* (1978) 82 Cal.App.3d 183 (*Johnson*). Defense counsel informed the trial court he had discussed the waiver with defendant. The trial court committed defendant to the behavioral health court program and ordered her to serve 30 days in jail without credit for time served.

In February 2022, defendant admitted she violated probation in November 2021.

In May 2022, the trial court executed on the previously imposed but suspended six-year prison sentence. Defendant acknowledged that, because of her July 2021 *Johnson* waiver, she was not entitled to credit for the 114 actual days of her hospital stay.

---

[1] Undesignated statutory references are to the Penal Code.

But she argued she was entitled to conduct credit for those 114 days based on a change to section 4019. According to defendant, she could not have waived the conduct credit because she was not entitled to such credit at the time of her waiver. The trial court disagreed, reasoning that she could not get conduct credit without actual credit, notwithstanding the change in the law. The trial court awarded 269 days of presentence credit (135 actual and 134 conduct), which did not include credit for defendant's time in the state hospital between February and June 2021. There was no evidence presented at the hearing indicating that defendant was otherwise ineligible for the conduct credit.

## DISCUSSION

Defendant argues she is entitled to conduct credit for the 114 days she spent in the state hospital undergoing treatment for restoration of her competency between February and June 2021. The People counter that in July 2021, defendant agreed to waive all of her prior presentence credit. Citing *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), the People further argue defendant is not entitled to the benefit of the changes to section 4019 because they do not apply retroactively, and she was sentenced before the changes took effect.

### A

In addition to accruing actual presentence custody credit under section 2900.5, a defendant can also earn presentence conduct credit under section 4019 for good behavior and work performed during the time he or she is in custody prior to sentencing. (*Brown*, *supra*, 54 Cal.4th at pp. 317-318.) Specifically, section 4019 provides for one day of work credit and one day of conduct credit for "each four-day period in which a prisoner is confined in or committed to a facility as specified in this section." (§ 4019, subds. (b), (c).) The Legislature has specified that "if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358 [the

3

statutory language clearly declares the Legislature's intent that four days will be deemed served for every two days in actual custody].)

Effective January 1, 2019, Senate Bill No. 1187 (2017-2018 Reg. Sess.) authorized conduct credit for those receiving mental health treatment in county jail facilities to restore competency. (§ 1375.5, subds. (a), (c), as amended by Stats. 2018, ch. 1008, § 4.) Later, effective January 1, 2022, Senate Bill No. 317 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 599, § 3) (Senate Bill 317) authorized conduct credit for those receiving such treatment in a state hospital or other mental health treatment facility. (§ 4019, subd. (a)(8).) Senate Bill 317 took effect after defendant's July 2021 *Johnson* waiver but before the trial court's May 2022 execution of the prison sentence and award of presentence credit.

B

Interpreting the scope and effect of a *Johnson* waiver, the California Supreme Court held that when a defendant knowingly and intelligently waives jail time custody credit after violating probation in order to be reinstated on probation and thereby avoid a prison sentence, the waiver applies to any future use of such credit should probation ultimately be terminated and a state prison sentence imposed. (*People v. Arnold* (2004) 33 Cal.4th 294, 297-298 (*Arnold*); see also *People v. Arevalo* (2018) 20 Cal.App.5th 821, 829-830.)

At the time of defendant's July 2021 waiver, a defendant who had been in custody in a state hospital receiving competency treatment was eligible for actual credit but not conduct credit. (Former § 4019.) Defendant did not knowingly and intelligently waive conduct credit in July 2021 because she was not entitled to such credit at the time. (See *Arnold, supra*, 33 Cal.4th at p. 308 [" 'a defendant's waiver of entitlement to [custody credit] must, of course, be knowing and intelligent.' "]; see also § 1016.8, subds. (a)-(b) [a defendant's waiver "requires knowledge that the right exists," and a waiver of

4

unknown future benefits of legislative enactments is "not knowing and intelligent" and is against public policy].)

We also disagree with the People's assertion that defendant is not entitled to the benefits of Senate Bill 317 because it is not retroactive. The trial court committed defendant to prison and awarded presentence credit after Senate Bill 317 took effect. Because defendant had not waived conduct credit, she was entitled to the prospective application of Senate Bill 317. Given our conclusions, we will recalculate defendant's custody credit and amend the judgment accordingly.

## DISPOSITION

The judgment is modified to award defendant 383 days of presentence credit, consisting of 135 actual days and 248 conduct days. The judgment is affirmed as modified. The trial court is directed to amend the abstract of judgment to reflect the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


_____/S/_____
MAURO, J.



We concur:


_____/S/_____
ROBIE, Acting P. J.



_____/S/_____
BOULWARE EURIE, J.



5