Filed 7/16/25  P. v. Cortez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062876 |
| v. | (Super. Ct. No. 17HF1721) |
| HERBERT GEOVANY CORTEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed in part, vacated in part, and remanded for resentencing.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Herbert Geovany Cortez appeals from the judgment sentencing him to 12 years in prison after a jury convicted him of rape of an intoxicated person (Pen. Code, § 261, subd. (a)(3); count 1)[1] and oral copulation of an intoxicated person (former § 288a, subd. (i); count 2).[2] We agree with the parties the matter must be remanded for resentencing because the trial court misunderstood its sentencing discretion when it imposed consecutive full-term sentences on both counts. We also agree with the parties the court miscalculated Cortez's custody credits. We vacate Cortez's sentence and remand for resentencing.

FACTS[3]

At a housewarming party Cortez attended in November 2017, a female guest became intoxicated and went upstairs to lie down in bed. During the party and before going upstairs, the woman had only a brief interaction with Cortez, whom she had not previously met. She awoke to find him having intercourse with her, and he then orally copulated her. She repeatedly told him to stop and to get off her, but he did not. During the sex acts, she was in and out of consciousness.

---

[1] Subsequent undesignated code references are to the Penal Code.

[2] Former section 288a was amended and renumbered section 287 effective January 1, 2019. (Stats. 2018, ch. 423, § 49.) The offense was committed in 2017.

[3] We provide only a brief factual summary of the offenses because the details are immaterial to the issues raised on appeal.

DISCUSSION

I.

THE MATTER MUST BE REMANDED FOR RESENTENCING

Cortez contends the court imposed an unauthorized sentence under section 667.6, subdivision (d) (section 667.6(d)) and misunderstood its sentencing discretion when it imposed consecutive full-term sentences on his convictions. The Attorney General concedes remand is appropriate. We agree with the parties the court erroneously relied on section 667.6(d) when imposing full-term consecutive sentences and the matter must be remanded for the trial court to exercise its informed sentencing discretion.

Prior to the sentencing hearing, the prosecution filed a sentencing memorandum asserting Cortez's convictions were listed in section 667.6, subdivision (e), and therefore, the court should impose full-term consecutive sentences on both counts under section 667.6(d). Apparently accepting the prosecution's argument, the court imposed full-term, consecutive sentences of six years (midterm) on both convictions. Explaining why it was imposing consecutive terms on the two counts, the court stated: "In determining that the sentences should run consecutively, I have considered . . . section 667.6(d) as well as [California] Rule[s] of Court[, rule] 4.426, which talks about violent sex crimes and how I will run them." The court addressed aggravating factors (Cal. Rules of Court, rule 4.421) and mitigating factors (*id.*, rule 4.423) relating to its decision to impose consecutive sentences and considered whether the offenses were committed against the same victim on separate occasions.[4]

---

[4] Subsequent undesignated rule references are to the California Rules of Court.

"Section 1170.1 governs most determinate sentencing. For certain sex offenses, however, the Penal Code establishes two alternative sentencing frameworks. First, under section 667.6, subdivision (c) (section 667.6(c)), 'a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion.' This is '[i]n lieu of the term provided in Section 1170.1.' [Citation.] . . . Second, under section 667.6(d), if the sentencing court finds that multiple sex offenses [specified in subdivision (e)] carrying determinate terms involved separate victims or were committed on separate occasions, '[a] full, separate, and consecutive term shall be imposed for each violation,' and the terms 'shall not be included in any determination pursuant to Section 1170.1.'" (*People v. Catarino* (2023) 14 Cal.5th 748, 752.)

Here, it appears the court was under the mistaken impression section 667.6(d) applied when it imposed full-term consecutive sentences on both counts. Under section 667.6, subdivision (d)(1), a court must impose full-term consecutive sentences when a defendant is convicted of two or more offenses enumerated in subdivision (e) and the court finds the offenses involved separate victims or the same victim on separate occasions. (See rule 4.426(a) [concerning sentencing for violent sex crimes].) Cortez, however, was convicted of one, not two offenses listed in section 667.6, subdivision (e). Rape of an intoxicated person (§ 261, subd. (a)(3)) is one of the offenses specified in section 667.6, subdivision (e). (§ 667.6, subd. (e)(1).) Conversely, oral copulation of an intoxicated person (§ 287, subd. (i) or former § 288a, subd. (i)) is not. Therefore, subdivision (d) of section 667.6 did not apply.

The court could have sentenced Cortez under section 667.6(c). (See *People v. Jones* (1988) 46 Cal.3d 585, 589 [single conviction for enumerated sex offense sufficient to trigger court's sentencing discretion

under § 667.6(c)].) But the record does not show the court recognized this option or knowingly exercised its discretion under this provision. When a defendant is convicted of at least one sex offense enumerated in section 667.6, subdivision (e), the court has discretion in section 667.6(c) to impose "a full, separate, and consecutive term . . . for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion." (§ 667.6(c).) This discretionary sentencing option is an alternative to sentencing under section 1170.1, and the decision to sentence under section 667.6(c) requires a statement of reasons. (*People v. Belmontes* (1983) 34 Cal.3d 335, 347 (*Belmontes*); *People v. Osband* (1996) 13 Cal.4th 622, 729.)

In *Belmontes*, the California Supreme Court set out the "ideal method of proceeding" when a court is considering sentencing under section 667.6(c). (*Belmontes, supra*, 34 Cal.3d at p. 348.) Initially, the sentencing court decides whether to impose concurrent or consecutive terms, considering the criteria in rule 4.425. "Once the court has decided to sentence a defendant to consecutive terms and has stated its reasons therefor, it then must decide whether the consecutive terms should be under the principal/subordinate scheme of section 1170.1 or under the full and separate term scheme of section 667.6, subdivision (c). If the latter is chosen, the reasons therefor should be stated for the record." (*Belmontes, supra*, 34 Cal.3d at p. 348.) The court may rely on the reasons "used to justify the imposition of consecutive sentences under section 1170.1" to justify consecutive full-term sentences under section 667.6(c). (*Belmontes*, at p. 348; accord, *People v. Osband, supra*, 13 Cal.4th at p. 729 ["the court may 'repeat the same reasons'"].) "What is required is an identification of the criteria which justify use of the drastically harsher provisions of section 667.6, subdivision (c). [Citation.] The crucial factor . . . is that the record reflect recognition on the part of the trial court

that it is making a separate and additional choice in sentencing under section 667.6, subdivision (c)." (*Belmontes*, at p. 348; accord, *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 411.)

Here, we cannot discern from the record the court understood it had the discretion to choose between imposing sentence under section 1170.1 and section 667.6(c) and knowingly exercised its discretion to sentence under section 667.6(c). The sentencing court specifically cited section 667.6(d) when sentencing Cortez and did not reference its discretion to sentence under section 667.6(c) or provide reasons for doing so.

""Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."""" (*People v. Salazar* (2023) 15 Cal.5th 416, 424.) A court that is unaware of the scope of its discretion cannot exercise the required informed discretion. (*Ibid.*) The California Supreme Court has held "'[i]n such circumstances, . . . the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion."'" (*Ibid.*) Here, the record does not clearly indicate how the court would have exercised its discretion and remand is therefore appropriate.[5]

---

[5] We reject the Attorney General's alternative argument Cortez forfeited his appellate "claim challenging the trial court's imposition of consecutive sentences" by failing to object below. The Attorney General acknowledges the court expressly relied on section 667.6(d), when imposing consecutive terms for Cortez's convictions and this reliance was erroneous. Cortez's sentence, imposed under section 667.6(d), is unauthorized and not subject to forfeiture. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 ["an unauthorized sentence or one in excess of jurisdiction is a sentence that 'could not lawfully be imposed under any circumstance in the particular case'"].)

6

## II.

### The Calculation of Cortez's Custody Credits Must Be Corrected

A court sentencing a defendant to prison has the responsibility to calculate the number of days a defendant has been in actual custody prior to sentencing, determine the applicable conduct credits, and have the total reflected in the abstract of judgment. (§§ 2900.5, subd. (d), 4019; *People v. Buckhalter* (2001) 26 Cal.4th 20, 30; *People v. Arevalo* (2018) 20 Cal.App.5th 821, 827 ["A defendant may 'accrue both actual presentence custody credits under . . . section 2900.5 and conduct credits under . . . section 4019 for the period of incarceration prior to sentencing'"].) The parties agree the court miscalculated Cortez's actual days in custody and his conduct credits prior to sentencing. They disagree, however, regarding the formula to be used to calculate Cortez's conduct credits. Upon remand, the court is to recalculate Cortez's actual days in custody and calculate his conduct credits under section 4019.

"A defendant is entitled to actual custody credit for 'all days of custody' in county jail and residential treatment facilities, including partial days." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) At sentencing, the court credited Cortez with 233 days of actual custody time. However, as the parties agree, Cortez was in custody for 241 days prior to sentencing and should have been credited with this amount. As we are remanding the matter for resentencing, the court will need to calculate "*all actual time*" Cortez has served prior to the resentencing hearing. (*People v. Buckhalter, supra,* 26 Cal.4th at p. 29.)

We also agree with the parties Cortez's presentence conduct credits must be calculated under section 4019. The trial court erroneously believed Cortez's conduct credits were limited under section 2933.1. But

section 2933.1 does not apply because Cortez's convictions are not violent felonies as defined in section 667.5, subdivision (c). Instead, Cortez is entitled to presentence conduct credits under section 4019. Under section 4019, "four days will be deemed *served for every two days in actual custody*." (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358; § 4019, subds. (b), (c), (f).) Using this formula, Cortez is entitled to 240 days of presentence conduct credits.[6]

DISPOSITION

Cortez's sentence is vacated, and the matter is remanded for resentencing. Upon resentencing, the trial court is directed to prepare an amended abstract of judgment that includes the recalculation of Cortez's presentence credits. The court is directed to calculate Cortez's actual days in custody prior to resentencing and to indicate Cortez is entitled to 240 days in conduct credits (§ 4019). The court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.

---

[6] Cortez's presentence conduct credits are calculated by dividing his actual days of presentence credit by two (241 days ÷ 2 = 120.5), rounding down to the whole number (120), and multiplying by two (120 x 2 = 240). (See *People v. Whitaker, supra*, 238 Cal.App.4th at p. 1358; *People v. Arevalo, supra*, 20 Cal.App.5th at p. 827, fn. 3.)