Filed 9/24/25  P. v. Morgan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100854 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE001753) |
| v. | |
| THOR MORGAN, | |
| Defendant and Appellant. | |

Defendant appeals a judgment entered following his no contest plea to unlawful sexual intercourse (Pen. Code, § 261.5, subd. (c); statutory section citations that follow are to the Penal Code) and sexual penetration of the same victim (§ 289, subd. (h)).  He contends the trial court erred in failing to award him presentence custody credit for the day of his sentencing hearing resulting in the denial of any conduct credit.  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

This short summary is derived from the agreed upon factual basis for defendant's plea.  On or around December 2021, defendant sexually propositioned a 16-year-old girl

1

more than three years younger than defendant was who was staying at defendant's home. Defendant put his hand inside her pants and inserted his fingers into her vagina. He then pulled down her pants, spread her legs, and placed his penis in her vagina.

Defendant was arrested on March 13, 2023, and released on bail the same day. He resolved the court case that followed by entering an open plea of no contest to unlawful sexual intercourse (§ 261.5, subd. (c)) and sexual penetration of the same victim (§ 289, subd. (h)). Defendant remained out on bond pending sentencing.

Defendant's sentencing occurred March 1, 2024. The trial court denied defendant's request for probation and sentenced him to an aggregate prison term of two years, comprised of the low term of 16 months for the unlawful intercourse plus eight months for the sexual penetration. The trial court awarded one day actual custody credit, and defendant was taken into custody following sentencing. He timely appealed and did not request a certificate of probable cause. Appellate briefing in this matter concluded on July 25, 2025.

## DISCUSSION

Defendant argues the trial court erred in awarding him presentence custody credit for only the day of his arrest and not for the day of his sentencing. He avers that because he was taken into custody on the day of sentencing, he is entitled to an additional actual day of presentence custody credits under section 2900.5. Moreover, given an increase of actual day credits from one to two, defendant asks for an additional two days of conduct credit by operation of section 4019.

Section 2900.5, subdivision (a) provides in pertinent part, "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail . . . all days of custody of the defendant . . . credited to the period of confinement pursuant to section 4019 . . . shall be credited upon his or her term of imprisonment . . . ." In accordance with this rule, it is

well established that if a defendant remains in custody following arrest and conviction, that individual is entitled to presentence custody credit for the day of his sentencing. (*People v. Smith* (1989) 211 Cal.App.3d 523, 526-527; *People v. Bravo* (1990) 219 Cal.App.3d 729, 735.) Presentence custody credit includes actual days and conduct days, and a defendant is entitled to two days conduct credit for every two days of actual time served. (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358; § 4019, subds. (b), (c), (f).) The trial court will determine defendant's pretrial custody credits at the sentencing hearing. (§ 2900.5, subd. (d).)

However, defendant has not established, and this court's research has not disclosed, any authority entitling defendant to pretrial custody credits for the day of sentencing where that defendant was out of custody prior to the sentencing hearing, which is the case here. Under those circumstances, custody credit concerning the day of sentencing is governed by section 2900.5, subdivision (e), which provides, "It is the duty of any agency to which a person is committed to apply the credit provided for in this section for the period between the date of sentencing and the date the person is delivered to the agency." (§ 2900.5, subd. (e).)

In this matter, defendant served one day of actual presentence custody; the day he was arrested and released on bond. Defendant remained out of custody until he was remanded following his sentencing. Under these circumstances, defendant was only entitled to the one actual day of presentence custody credit awarded by the trial court. He was therefore ineligible for any conduct credits under section 4019. (See, e.g., *People v. Whitaker, supra*, 238 Cal.App.4th at p. 1358 ["[a] defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody"].)

3

DISPOSITION

The judgment is affirmed.

                         _____

                         HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

BOULWARE EURIE, J.