Filed 6/25/25  P. v. Phillips CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064322 |
| v. | (Super. Ct. No. FVI123002066) |
| WILLIAM WESLEY PHILLIPS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, John M. Wilkerson, Judge. Affirmed in part, reversed in part, and remanded with directions.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

As part of its sentencing decision in this case, the trial court awarded defendant William Wesley Phillips 200 days of presentence custody credit and ordered him to pay certain fines. Phillips contends the court gave him too few credits and the sentencing abstract does not accurately reflect his fines. The Attorney General agrees with both contentions, and so do we. We therefore reverse the court's credits award and remand for a recalculation of presentence credits and the preparation of a new abstract of judgment. In all other respects, we affirm.

## PROCEDURAL BACKGROUND

After a jury convicted Phillips of resisting an executive officer and vandalism, the trial court found he had suffered a prior strike conviction and sentenced him to four years in prison. (Pen. Code, §§ 69, 594, subd. (b)(2)(A), 667, subds. (b)–(i), 1170.12.)[1] The court also awarded Phillips 174 days of actual custody credit, plus 26 days of conduct credit, for a total of 200 days of presentence credit. In addition, the court ordered Phillips to pay a $220 restitution fine and a $220 parole revocation fine.

## DISCUSSION

### I.

### CREDITS

In addition to receiving presentence credit for all actual days of custody, defendants are generally entitled to two days of conduct credit for every two days they serve. (§ 4019, subds. (b), (c), (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) When a defendant is convicted of a violent felony, however, section 2933.1 limits the award of presentence

---

[1] All further statutory references are to the Penal Code.

2

conduct credit to 15 percent of his or her actual period of confinement. (§ 2933.1, subd. (c).)

Here, the trial court applied the 15 percent limitation in calculating Phillips's presentence conduct credits. But it is undisputed that Phillips's convictions for resisting an executive officer and vandalism are not violent felonies for purposes of that limitation. (§ 2933.1, subd. (a), cross-referencing the list of violent felonies listed in § 667.5, subd. (c).) We therefore reverse the trial court's credits award and remand the matter for a recalculation of Phillips's presentence credits.

## II.

### FINES

The recordation of Phillips's fines also needs correction. Although the trial court fined Phillips $220 under section 1202.4 (restitution) and $220 under section 1202.45 (parole revocation), the abstract of judgment listed the amount of those fines as $300 each. Because the court's oral pronouncement prevails over a conflicting written description of it (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070), we order the preparation of a new sentencing abstract to reflect the proper amount of the fines imposed.

3

## DISPOSITION

The trial court's award of presentence credits is reversed, and the matter is remanded for a recalculation of those credits. On remand, the court is directed to (1) prepare a new abstract of judgment reflecting the new credits award and the correct amount of Phillips's fines, and (2) forward a certified copy of that abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SCOTT, J.

4